IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA MATUSIAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:24-CV-1320-K |
| | § | |
| EMVLP, LLC, PAR NORTH AMERICA, | § | |
| INC., and TEXAS COLLATERAL | § | |
| ADJUSTERS, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER REQUIRING SCHEDULING CONFERENCE AND**
**REPORT FOR CONTENTS OF SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b), Rule 26 and the Court's Civil Justice Expense and Delay Reduction Plan (the Plan), the Court enters this Order to promote possible early settlement of this action and to facilitate subsequent entry of a Scheduling Order. This Order is being sent to all counsel and unrepresented parties who have appeared. <u>If there are other parties who have not appeared, but who have been in contact with the plaintiff or plaintiff=s counsel, then counsel for the plaintiff (or the plaintiff if they are unrepresented) is responsible for contacting such parties and making every effort to ensure their meaningful participation in the conference described below.</u>

I.

Lead counsel for each party (or designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding *pro se*) shall confer as soon as practicable, but in no event later than **21 days from the date of this Order** (the Scheduling Conference) to confer and (1) consider the nature and basis for the claims and defenses; (2) consider the possibilities for a prompt resolution of the case; (3) and to make or arrange for the disclosure required by Fed. R. Civ. P. 26(a)(1) and to prepare the report described herein. It is the Court's belief that a personal face-to-face meeting is usually the most productive type of conference, but the Court will leave the determination of the form for the Scheduling Conference to the professionalism of the parties. As a result of the Scheduling Conference, counsel shall prepare and submit a Report Regarding Contents of Scheduling Order (the Joint Report). The Joint Report shall also include a status report on settlement negotiations,

but shall not disclose settlement figures.

If plaintiff(s) and defendant(s) **have not** already filed a Certificate of Interested Persons/Disclosure Statement with the Clerk of Court, they are directed to do so no later than **7 days from the date of this order** so that the Court may ensure that recusal is not necessary.

II.

The Joint Report, which shall be filed no later than **20 days from the date of the scheduling conference**, shall include the following in separate numbered paragraphs. (The parties shall not submit the following in the format of a proposed order.)

1. A brief description of the nature of the case and the claims and defenses;
2. The identity of any related proceedings;
3. A proposed deadline by which to file motions for leave to join other parties;
4. A proposed deadline by which to amend pleadings;
5. A proposed deadline by which to file various types of motions, including dispositive motions; (The Court prefers the deadline for dispositive motions to be 120 days before trial.)
6. A proposed deadline for initial designation of experts;
7. A proposed deadline for responsive designations of experts;
8. A proposed deadline for objections to experts (i.e., *Daubert* and similar motions);
9. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues;
10. Any changes which should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and any other limitations which should be imposed;
11. A proposed trial date as well as an estimated number of days required for trial, and whether a jury has been properly demanded; (The Court operates a three-week docket beginning the first Monday of each month, therefore the parties should propose a trial date accordingly.)
12. A proposed date for further settlement negotiations;
13. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

14. Whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge (consent attached);
15. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (*e.g.*, before discovery, after limited discovery, after motions are filed, etc.);
16. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial; and
17. Any other matters relevant to this case.

Every proposed deadline shall be submitted as a **date certain** (*e.g.*, January 29, 2024).

**All parties shall endeavor to prepare joint suggestions.** However, in the event the parties cannot agree, the Joint Report shall reflect each party's respective views and recommendation, and *shall include a statement as to why agreement could not be reached*.

### III.

Filing the Joint Report is mandatory. Unless plaintiff is unrepresented, lead counsel for plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the Scheduling Conference and preparing the Joint Report. **All parties shall participate in the Scheduling Conference.** Counsel for all parties and every unrepresented party are equally responsible for seeing that this Order is complied with in a timely manner. **The Joint Report shall identify the names of any persons in the case who did not participate in the Scheduling Conference.** Each unrepresented party and at least one attorney for each party shall sign the Joint Report prior to filing.

### VI.

Fed. R. Civ. P. 16(b) requires the Court to enter a Scheduling Order as soon as practicable" and "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Any request for an extension of time to file the Joint Report shall be denied absent a showing of good cause for the delay.

### V.

**Once the Scheduling Order is issued, an extension of the trial date will not be granted absent extraordinary circumstances.** Further, deadlines set forth in

the Scheduling Order may be extended only upon formal motion to the Court, regardless of any agreement between the parties.

<div style="text-align:center">VI.</div>

Unless this is an action exempted by Fed. R. Civ. P. 26(a)(1)(E), or an objection to disclosure is asserted at the Scheduling Conference in good faith, as provided in Fed. R. Civ. P. 26(a)(1), the parties must make disclosures as required by Fed. R. Civ. P. 26(a)(1) no later than **14 days from the date of the scheduling conference**.

**SO ORDERED**.

Signed August 1st, 2024.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

______________________________ DIVISION

______________________
Plaintiff

v. Docket No. ___________________________

______________________
Defendant

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. ' 636(c), the parties to the above captioned civil matter hereby waive their right to proceed before a Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the above styled case (including the trial) and order entry of a final judgment.

| Party or Counsel of Record | Date |
|---|---|
| _________________________ | _____________________ |
| _________________________ | _____________________ |
| _________________________ | _____________________ |

NOTE: Return this form to the District Clerk only if it has been executed by all parties to the case.

---

**ORDER OF REASSIGNMENT**

IT IS HEREBY ORDERED that the above captioned matter be reassigned to the United States Magistrate Judge ___________________________ for the conduct of all further proceedings and the entry of final judgment in accordance with 28 U.S.C. ' 636(c) and the foregoing consent of the parties.

DATED: ____________

_______________________________
UNITED STATES DISTRICT JUDGE

**TRIALS BY THE UNITED STATES MAGISTRATE JUDGE**

Miscellaneous Order #6 of the Northern District of Texas provides that the United States Magistrate Judges of this district court may, upon the consent of all parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment, in accordance with 28 U.S.C. ' 636(c).  It is your obligation to serve the following ANotice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge@, and the attached consent form, upon the defendant(s) with the complaint and summons.

**NOTICE OF RIGHT TO CONSENT TO
DISPOSITION OF A CIVIL CASE BY A UNITED
STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. ' 636(c), you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon the consent of all parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment.  Copies of appropriate consent forms for this purpose are available from the clerk of the court.

If a consent form is not filed within 20 days of the date that all parties have filed an answer or otherwise responded, the court will deem that failure as evidence that the parties wish that the cause of action proceed before the district judge to whom the case was assigned at the time it was originally filed.  Should all the parties subsequently consent to trial by a magistrate judge, however, the district judge may in his/her discretion so order.   Pursuant to 28 U.S.C. ' 636(c), appeal to the United States Court of Appeals for the Fifth Circuit from a judgment of a magistrate judge is permitted in the same manner as an appeal from any other judgment of the Court.